# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### 3:15-cv-00305-RJC

| | |
|---|---|
| TERESA CHRISTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 11, 12); and Defendant's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 13, 14).

## I. BACKGROUND

### A. Procedural Background

Plaintiff Teresa Christon ("Plaintiff") seeks judicial review of Defendant's denial of her Social Security claim. (Doc. No. 1). On May 19, 2012, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 et seq. Plaintiff also filed an application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1383 et seq. In both applications, Plaintiff alleged an inability to work due to disabling conditions beginning on August 1, 2011. (Doc. Nos. 10 to 10-11: Administrative Record ("Tr.") at 162–71). The Commissioner denied Plaintiff's applications for DIB and SSI on July 18, 2012. (Tr. 50–75). Upon reconsideration, her SSI and DIB claims were denied on September 4, 2012. (Tr. 78–105).

On September 13, 2012, Plaintiff filed a timely request for a hearing. (Tr. 126–27). On November 4, 2013, Plaintiff, represented by counsel, appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). (Tr. 24–49). The ALJ issued a decision on February 6, 2014, denying Plaintiff's claim. (Tr. 8–23). Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on May 19, 2015. (Tr. 1–6). Therefore, the February 6, 2014 ALJ decision became the final decision of the Commissioner on May 19, 2015.

Plaintiff's Complaint seeking judicial review and a remand of her case was filed in this Court on July 14, 2015. (Doc. No. 1). Plaintiff's Motion for Summary Judgment, (Doc. No. 11), was filed November 30, 2015, and Defendant's Motion for Summary Judgment, (Doc. No. 13), was filed January 26, 2016. The pending motions have been fully briefed and are ripe for adjudication.

B. Factual Background

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes,[1] at any time between August 1, 2011, when Plaintiff's disabling conditions commenced, and the date of the ALJ's decision on February 6, 2014. To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from August 1, 2011, through the date of her decision, February 6, 2014. (Tr. 18–19).

---

[1] Under the Social Security Act, 42 U.S.C. § 301 et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

This case is governed by the Social Security Administration's familiar five-step sequential evaluation process for determining if a person is disabled.[2] In this case, the ALJ determined at step five that Plaintiff was not disabled. (Tr. 18–19).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since August 1, 2011, the alleged disability onset date. (Tr. 13). At step two, the ALJ found that Plaintiff had severe impairments of degenerative joint disease of the left knee, chronic pain syndrome, and obesity. (Id.). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform "sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can lift 20 pounds occasionally and 10 pounds frequently; never operate foot controls with the left lower extremity; can occasionally climb ramps and stairs, but never climb ropes, ladders, and scaffolds; can occasionally kneel, crouch, and crawl; and must avoid concentrated exposure to moving machinery, unprotected heights, and other hazards." (Id.).

At the hearing, a vocational expert ("VE") testified regarding Plaintiff's past relevant work as a meat cutter, hospital cleaner, and elementary school custodian. (Tr. 44–48). Pursuant to the VE's testimony, the ALJ found that Plaintiff cannot perform her past relevant work. (Tr. 17). At

---

[2] The five steps are: (1) whether the claimant is engaged in substantial gainful activity—if yes, not disabled; (2) whether the claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509—if no, not disabled; (3) whether the claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1 and meets the duration requirement— if yes, disabled; (4) whether the claimant has the residual functional capacity ("RFC") to perform his or her past relevant work—if yes, not disabled; and (5) whether, considering the claimant's RFC, age, education, and work experience, he or she can make an adjustment to other work—if yes, not disabled. 20 C.F.R. § 404.1520(a)(4)(i)–(v).

the fifth and final step, the ALJ concluded, based on the VE's testimony, that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 18). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between August 1, 2011, and the date of her decision on February 6, 2014. (Tr. 18–19).

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to determining: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). The Social Security Act provides: "The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (alteration in original) (quoting Perales, 402 U.S. at 401). However, substantial evidence "may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal quotation marks omitted).

It is not appropriate for a reviewing court to weigh the evidence anew, or to substitute its judgment for that of the Commissioner, if the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345.

Indeed, this is true even if the reviewing court disagrees with the outcome. Provided there is substantial evidence in the record to support the final decision below, the court will uphold the final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

III. DISCUSSION

On appeal to this Court, Plaintiff argues that (1) the ALJ erred by incorrectly assessing the credibility of Plaintiff's subjective statements as to her symptoms, including pain; (2) the ALJ erred by not giving significant or controlling weight to the medical opinion of Dr. Angela Barron, one of Plaintiff's treating physicians; and (3) the ALJ erred by failing to perform a "medical necessity analysis" as to her use of a cane. (Doc. No. 12 at 2–3).

A. The ALJ's Credibility Finding

First, Plaintiff contends that the ALJ improperly evaluated her credibility, subjective statements as to the limiting effect of her symptoms and pain, and resultant RFC. The ALJ is responsible for making credibility determinations and resolving conflicts in the evidence. Hays, 907 F.2d at 1456. Consequently, the ALJ is accorded deference with respect to determinations of a claimant's credibility. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). Indeed, "[b]ecause he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given greater weight." Id.

The ALJ must follow a two-step process to determine a claimant's credibility and whether she is disabled by pain or other symptoms. First, the regulations require "at the threshold a showing by objective evidence of the existence of a medical impairment 'which could reasonably be expected to produce' the actual pain, in the amount and degree, alleged by the claimant." Craig, 76 F.3d at 594 (quoting 20 C.F.R. §§ 416.929(b), 404.1529(b)). If the claimant meets this threshold, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and

the extent to which it affects her ability to work." Id. at 595. This evaluation must also take into account:

> not only the claimant's statements about her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain . . . ; and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Id. (citing 20 C.F.R. §§ 416.929(c), 404.1529(c)).

The ALJ correctly noted that "whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by medical evidence, the [ALJ] must make a finding on the credibility of the statements based on a consideration of the entire case record." (Tr. 16). After conducting the two-step evaluation process, the ALJ in this case determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not entirely credible." (Id.).

In making that determination, the ALJ explained her credibility finding. (Id.). The ALJ also discussed Plaintiff's testimony, characteristics, and medical evidence and noted details such as Plaintiff's testimony concerning pain, her medication and surgical history during the relevant period, and her subjective statements. (Tr. 13–17). For example, the ALJ discussed that Plaintiff unsuccessfully attempted to return to work, that "she is currently receiving long-term disability," and that she claims that she "experienced constant pain" after her successful total knee replacement surgery. (Tr. 16). The ALJ noted that Plaintiff "uses a cane, but admitted that it is not prescribed." (Id.). The ALJ explained that Plaintiff "underwent two arthroscopies with partial meniscectomies, and then had left total knee replacement, which the record indicates was successful." (Id.). The ALJ also noted that Plaintiff's "testimony of constant pain after the knee replacement surgery is not supported by reports in the medical record" because "even prior to the knee replacement,

[Plaintiff] consistently had full strength with no atrophy noted, and a full range of motion of the knee on many examinations." (Id.). Further, the ALJ stated that Plaintiff "admits that her hypertension and thyroid problems are well controlled with . . . medication."[3] (Id.).

An ALJ must "consider all of the available evidence in the individual's case record in every case." SSR 06-03p. However, an ALJ is not required to explicitly discuss every piece of evidence and every factor in the decision, "but need only 'minimally articulate' his reasoning so as to 'make a bridge' between the evidence and his conclusions." Fischer v. Barnhart, 129 F. App'x 297, 303 (7th Cir. 2005). Here, the ALJ discussed Plaintiff's medical history and subjective pain complaints and explained her credibility assessment. The Court finds, therefore, that the ALJ sufficiently explained and supported her determination that Plaintiff's statements were not fully credible. Accordingly, the Court finds that the ALJ's credibility finding is supported by substantial evidence and Plaintiff's objection must be overruled.

      B.      The Weight Given a Treating Physician

Next, Plaintiff contends that the ALJ erred by not giving controlling weight to the opinion of Dr. Angela Barron, one of Plaintiff's treating physicians. The Fourth Circuit has held that the treating physician rule does not require that a treating physician's opinion automatically be afforded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). "[A] treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly

---

[3] "If a symptom can be reasonably controlled by medication or treatment, it is not disabling." Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986).

less weight." Id. (quoting Craig, 76 F.3d at 590). An ALJ does not have to explicitly discuss each factor in his decision. Rather, the "decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p.

Here, the ALJ "considered the treating source opinion of Dr. Barron, who treated the claimant in 2012 and through August of 2013, on a quarterly basis." (Tr. 17). The ALJ noted Dr. Barron's July 29, 2013 opinion that Plaintiff "could sit, stand, and walk less than two hours in an 8-hour day, with a sit/stand option and requiring 3-4 breaks per workday" as well as the opinion that Plaintiff "could rarely lift less than 10 pounds and would be off task 25% of the workday or more." (Id.). The ALJ determined, however, that Dr. Barron's "opinion is not supported by objective medical evidence of record," and, therefore, the opinion was "not given significant weight." (Id.). The ALJ then found that "[o]bjectively, [Plaintiff] is obese and she has left knee arthritis" and that "[s]he has enjoyed a successful left total knee replacement." (Id.). Finally, the ALJ determined that Plaintiff's "impairments do not credibly restrict [her] ability to sit or remain on task during the workday." (Id.).

In sum, the ALJ identified the legal standard to be applied, referenced the evidence she considered, and explained which portions of the medical evidence informed her determination that Dr. Barron's opinion is not supported by the objective medical evidence. The Court finds that the ALJ provided an adequate explanation for her findings related to Dr. Barron's opinion as well as the weight given to Dr. Barron's opinion. Therefore, the Court finds that the ALJ's treatment of Dr. Barron's opinion is supported by substantial evidence, and Plaintiff's objection must be overruled.

C.  The Lack of a Medical Necessity Analysis for Plaintiff's Cane Usage

Lastly, Plaintiff contends that the ALJ had an obligation to perform a medical necessity analysis under SSR 96-9p.  SSR 96-9p does not require an ALJ to "make an express finding of medical necessity in all cases in which a claimant uses a cane."  Morgan v. Comm'r, Soc. Sec., No. 13-cv-2088-JKB, 2014 WL 1764922, at *1 (D. Md. Apr. 30, 2014).  Rather, "SSR 96-9p provides guidance regarding the required showing for an ALJ to reach the conclusion that a claimant's hand-held device is 'medically required' where an individual is capable of less than a full range of sedentary work."  Id.  The claimant bears the burden of presenting "medical evidence establishing the need for a cane and describing the circumstances for which it is needed."  SSR 96-9p.  Absent a doctor's prescription, a claimant's self-prescribed cane usage is merely a specific subjective complaint that must be substantiated by the objective medical evidence, and the ALJ is not obligated to perform a medical necessity analysis.

Here, the Court finds there is substantial evidence to support the ALJ's treatment of Plaintiff's cane usage and the lack of a medical necessity analysis.  The ALJ noted that Plaintiff uses a cane but that the cane is not prescribed. (Tr. 16).  Plaintiff's use of a cane, therefore, is a specific subjective complaint, one of many that the ALJ considered in her credibility analysis as discussed above.  As noted in the Court's analysis of the ALJ's credibility finding, the ALJ reviewed the available medical evidence and relevant details related to Plaintiff's health, including her cane usage, and determined that Plaintiff's subjective complaints were not completely credible. (Id.).  The objective medical evidence failed to establish Plaintiff's need for a cane and failed to describe the circumstances for which it is needed; therefore, the ALJ was not obligated to perform a medical necessity analysis.  In sum, the ALJ's discussion of Plaintiff's cane usage and lack of prescription was sufficient to address the issue.  Therefore, the Court finds that the ALJ's decision

is supported by substantial evidence, and Plaintiff's objection must be overruled.

## IV. CONCLUSION

In light of the deferential standard of review applied under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), the Court finds that there is substantial evidence to support the Commissioner's final decision.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 11), is **DENIED**;

2. Defendant's Motion for Summary Judgment, (Doc. No. 13), is **GRANTED**; and

3. The Clerk of Court is directed to close this case.

Signed: June 15, 2016

Robert J. Conrad, Jr.
United States District Judge